**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **TROY LEE PERKINS, ID # 1480826,** )<br>　　　　**Plaintiff,** ) | |
| **vs.** ) | **No. 3:09-CV-1788-G-BH** |
| ) | |
| **ANDREW M. CHATHAM, et. al,** ) | |
| 　　　　**Defendants.** ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3-251*, this action has been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

**I.  BACKGROUND**

Plaintiff, a prisoner currently incarcerated in the Texas prison system, brings this action pursuant to 42 U.S.C. § 1983 against Andrew M. Chatham, Dallas County District Judge ("Judge"); an unidentified clerk of the court for the 282nd Judicial District Court of Dallas County ("Court Clerk"); and April E. Smith as counsel for the court ("Court Attorney").  (Compl. at 2.)

On May 7, 2009, Plaintiff filed a state application for writ of habeas corpus.  (*Id.* at 4.) Within a week, the Judge issued an "Order Designating Issues" and directed the Court Clerk to send a copy to the Texas Court of Criminal Appeals.  (*Id.*)  Plaintiff sues the Judge for taking no further action regarding his state writ, the Court Clerk for not transmitting a copy of the order as directed, and the Court Attorney for not performing her duties and denying him access to the courts.  (*Id.* at 3-4.)  He seeks compensatory and punitive damages against each named defendant in their official capacities only.  (*Id.* at 1, 4.)  Alternatively, he wants his state writ to be granted.  (*Id.* at 4.)  No process has been issued in this case.

## II. PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Earlier this year, the Supreme Court expounded on the *Twombly* standard:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

## III. SECTION 1983

In this official capacity action under 42 U.S.C. § 1983, Plaintiff seeks monetary damages

2

against a state district judge, a county clerk, and an attorney who works for the county court. Alternatively, he wants his state application for writ of habeas corpus to be granted. Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.*

**A. Relief**

As part of his requested relief in this action, Plaintiff wants his state habeas application to be granted. Such relief, however, lies within the exclusive province of a habeas action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). If Plaintiff is entitled to any requested relief in this § 1983 action, he is entitled only to monetary relief.

**B. Claims Against State Judge**

Plaintiff specifically sues Judge Chatham in his official capacity. An official-capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). "Texas judges are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacity." *Warnock v. Pecos County, Tex.*, 88 F.3d 341, 343 (5th Cir. 1996). Because Judge Chatham is entitled to Eleventh Amendment immunity, Plaintiff's claims against him should be dismissed.

**C. Claims Against County Employees**

Plaintiff also sues a county clerk and an attorney who works for the county court in their

official capacities.¹ Such official capacity claims are essentially against Dallas County. *See Graham*, 473 U.S. at 165. To hold a county municipality liable under 42 U.S.C. § 1983, plaintiffs must show an "underlying claim of a violation of rights", as well as, "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Cox v. City of Dallas*, TX., 430 F.3d 734, 748 (5th Cir. 2005). In this case, Plaintiff has alleged no official policy or custom on the part of the county that violated his constitutional rights. In such circumstances, it is appropriate to dismiss the official capacity claims. *See Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001). Plaintiff has failed to plead sufficient facts to state a facially plausible claim for relief against the county defendants.

## IV. RECOMMENDATION

For these reasons, it is recommended that the District Court summarily **DISMISS** Plaintiff's complaint with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for the failure of Plaintiff to state a claim upon which relief may be granted and for seeking monetary relief against a defendant who is immune to such relief. The dismissal of this action will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).²

---

[1] Based upon Plaintiff's complaint, it appears that the Court Attorney is a county employee. To the extent she qualifies as a state official, she would be entitled to Eleventh Amendment immunity. Additionally, to the extent she is a private attorney, she has no official capacity in which she can be sued. *See Toliver v. Thomas*, No. 3:08-CV-0682-N, 2008 WL 3413140, at *4 (N.D. Tex. Aug. 11, 2008) (accepting recommendation of Mag. J.).

[2] Section1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**SIGNED this 22nd day of October, 2009.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5