UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TROY LEE PERKINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:09-CV-1788-G (BH) |
| ANDREW M. CHATHAM, 282nd | ) | |
| Judicial District Court of Dallas County, | ) | **ECF** |
| Texas, ET AL., | ) | |
| | ) | |
| Respondents. | ) | |

### ORDER OF THE COURT ON RECOMMENDATION REGARDING MOTION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Considering the record in this case and the recommendation of the magistrate judge, the court hereby finds and orders:

( )   The request for leave to proceed *in forma pauperis* on appeal is GRANTED.

(**X**)   The motion for leave to proceed *in forma pauperis* on appeal is **DENIED** because the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that the appeal is not taken in good faith.  In support of this certification, the court adopts and incorporates by reference the findings, conclusions, and recommendation filed in this case on October 22, 2009.  Based on those findings, this court finds that the appeal

presents no legal points of arguable merit and is therefore frivolous.

(**X**)   Although this court has certified that the appeal is not taken in good faith under 28 U.S. C. § 1915(a)(3) and FED. R. APP. P. 24(a)(3), the petitioner may challenge this finding pursuant to *Baugh v. Taylor*, 117 F.3d 197 (5th Cir. 1997), by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court, U.S. Court of Appeals for the Fifth Circuit, within 30 days of this order. The cost to file a motion to proceed on appeal with the Fifth Circuit is calculated below, and if the petitioner moves to proceed on appeal *in forma pauperis*, the prison authorities will be directed to collect the fees as calculated in this order.

   (1)   Petitioner is not assessed an initial partial fee. *See* 28 U.S.C. § 1915(b)(1).

   (2)   Thereafter, petitioner shall pay $455.00, the balance of the filing fee, in periodic installments. Petitioner is required to make payments of 20% of the preceding month's income credited to the Petitioner's prison account until petitioner has paid the total filing fees of $455.00. The agency having custody of petitioner shall collect this amount from the trust fund account or institutional equivalent, when funds are available and when permitted by 28 U.S.C. § 1915(b)(2), and forward it to the clerk of the district court.

   (3)   If petitioner files a motion to proceed *in forma pauperis* on appeal directly with the Fifth Circuit, the clerk shall mail a copy of this order to the inmate accounting office or other person(s) or entity with responsibility for collecting and remitting to the district court interim filing payments on behalf of

        prisoners, as designated by the facility in
        which the prisoner is currently or
        subsequently confined.

    **SO ORDERED**.

May 17, 2010.

                                              /s/ A. Joe Fish
                                              **A. JOE FISH**
                                              **Senior United States District Judge**